IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WILLIAM G. BARRETT,<br><br>                         Plaintiff<br>VS.<br><br>SHERIFF JOE CHAPMAN, *et. al.*,<br><br>                        Defendants | NO. 3:07-CV-133 (CDL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Plaintiff William G. Barrett has filed the above-captioned lawsuit pursuant to 42 U.S.C. §1983 alleging that the defendants violated his Eighth Amendment right to be free of cruel and unusual punishment when they failed to protect him from an assault at the hands of another inmate and subsequently failed to provide him with adequate medical care. The defendants have filed a motion seeking to have the action dismissed as time barred. Tab #11. Plaintiff filed a response to the defendants' motion. Tab #15.

**LEGAL STANDARD**

42 U.S.C. §1983 does not contain a limitations period. As such, the period of limitations to be applied in such actions is the state limitations period applicable to personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-77 (1985). The state limitations period applicable to personal injury actions in Georgia is set out in O.C.G.A. § 9-3-33. This statute, in pertinent part, provides that "actions for injuries to the person shall be brought within two years after the right of action accrues." Id. An actions accrues, thus causing the statute of limitations to begin running, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair v. Allen,* 515 F.3d 1168 (11th Cir. 2008).

**DISCUSSION**

In his COMPLAINT, plaintiff Barrett alleges that sometime during November of 2005, he was assaulted by another inmate during his incarceration in the Walton County jail. Tab #1. He further alleges that as a result of the altercation, he sustained damage to his right eye and multiple fractured ribs. Plaintiff avers that several hours later, he was examined by a nurse at the jail who refused to provide him with needed medical care.

In their MOTION TO DISMISS, defendants contend that the assault actually took place on October 20, 2005. However, they contend that even if the assault took place in November of 2005 as alleged by plaintiff Barrett, the applicable period of limitations would have expired November 30, 2007, at the latest. Tab # 11. Defendants therefore conclude that since the instant complaint was not filed until December 5, 2007, it is untimely and should be dismissed.

In his response to defendants' motion, plaintiff does not dispute the aforementioned times or legal rules but avers that this action is not time barred because the limitations period was tolled as he attempted to go through the [mandatory] administrative grievance procedure. He also contends that his claims are not time-barred because they represent a continuing violation.[1]

Plaintiff does not cite, nor has the undersigned been able to locate, authority in support of the contention that, in §1983 cases, the applicable period of limitations is tolled during the period in which administrative remedies are being exhausted. As for the plaintiff's contention that his claims represent a continuing violation, his argument appears to have merit only as to his claims of denial of proper medical treatment.

Because the assault complained of clearly took place outside of the period of limitations, any claims regarding a failure to protect or failure to provide *immediate* medical care must be dismissed. However, because plaintiff Barrett's complaint has set forth allegations of a denial of medical care and treatment *within* the two years prior to his filing the instant action, further factual development is necessary. In the view of the undersigned, dismissal of claims regarding denial of medical care and treatment is not appropriate at this time.

---

[1]Significantly, in his response to defendants' Motion to Dismiss, plaintiff Barrett does not contest the defendants' assertion that the assault complained of actually occurred on October 20, 2007. Nor does plaintiff contend that the filing date of December 5, 2007 is incorrect. He relies exclusively on his argument that the violation is a continuing one.

**CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be **GRANTED** as to plaintiff's claims of failure to protect and failure to provide *immediate* medical treatment, but that it be **DENIED** as to claims of denial of medical care and treatment within the two year period prior to the filing of plaintiff's complaint. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 16th day of JULY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE