IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WILLIAM G. BARRETT,<br><br>             Plaintiff<br><br>   VS.<br><br>JOE CHAPMAN, *et al.*,<br><br>             Defendants | NO.  3:07-CV-133 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff William G. Barrett, at all times relevant to the events complained of in the above-captioned case, was an inmate in the custody of the Walton County Detention Center. He has sued defendants Sheriff Joe Chapman, Maj. Wade Harris, Capt. Andre Etchinson, and Nurse Harriett alleging that these defendants violated his constitutional rights. Plaintiff Barrett's only remaining claims are those which allege that the defendants were deliberately indifferent to his serious medical needs on or after December 5, 2005.[1]

Before the court is the defendants' motion seeking summary judgment. Tab #27. This motion is supported by a brief, statement of undisputed material facts, several affidavits, and numerous other exhibits. Plaintiff Barrett has been directed to and has filed a response to the defendants' motion. Tab #29. In their motion seeking summary judgment, the defendants essentially argue that plaintiff Barrett has failed to adequately state a claim of deliberate indifference.

---

[1] Defendants previously filed a motion seeking to dismiss this action as time barred. Tab #11. Following the district judge's adoption (Tab #23) of the undersigned's recommendation on the defendants' motion seeking dismissal (Tab #21), the only claims which remain are those involving acts of medical deliberate indifference occurring on or after December 5, 2005, two years prior to the date upon which the instant action was filed.

## LEGAL STANDARDS

### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

### B. Medical Treatment of Prisoners

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93 (emphasis added).

Furthermore, in order to prevail in a Section 1983 case involving allegations of deliberate indifference to serious medical needs, a plaintiff must show more than mere negligence or error in judgment; there must be some purposeful or intentional denial of necessary medical treatment or at least the medical treatment that was given must be so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703-04 (11th Cir. 1985).

---

[2]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION

Plaintiff Barrett contends that the defendants have repeatedly violated his constitutional rights. The basis for his claims involve what he describes as constitutionally inadequate medical treatment for injuries which he suffered while being assaulted by fellow inmates. Specifically, plaintiff Barrett states that during the assault, his eye was seriously injured. Barrett next avers that even though he specifically requested treatment for his eye each time he was seen by medical in the defendants facility, his requests were always denied.

In support of their MOTION FOR SUMMARY JUDGMENT, the defendants have submitted several documents including affidavits and copies of pertinent medical requests and treatment records. These materials indicate that between December 5, 2005 and February 8, 2006 (the date on which the plaintiff was transferred to a different facility), plaintiff only requested medical advice and or treatment on three occasions. Copies of the plaintiff's handwritten requests have been submitted by the defendants, and a review of these requests reveals that each of the three requests involved only his complaints about his chronic arthritis— not injuries resulting from an assault. Moreover, the records also indicate that pursuant to each request, the plaintiff was seen and provided with treatment by the jail's medical personnel.

In responding to the defendants's motion seeking summary judgment, and with respect **to the relevant time period**, plaintiff Barrett does not dispute the defendants' assertions except to say that he "personally continued to complain of vision distress on every single person to person interaction with medical staff up until his transfer." As such, and in view of the fact that the plaintiff has provided nothing of substance to rebut the defendants' showing, the undersigned finds that he has failed to meet his burden herein.

-4-

Accordingly, and because the undersigned concludes that the defendants are entitled to judgment as a matter of law, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 31st day of JULY, 2009.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE